UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **FREDERICK DEVANE REED**<br>**FED. REG. #11084-021** | **CIVIL ACTION NO. 2:10-CV-974** |
| VS. | SECTION P |
| | JUDGE MINALDI |
| **J.P. YOUNG** | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. §2241 on June 3, 2010 by petitioner Frederick Devane Reed. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). Petitioner's most recently docketed place of incarceration is FCI-Jesup, Jesup, Georgia; however, the Bureau of Prisons' website shows that he is currently incarcerated at FCI-Coleman, Coleman, Florida. At the time of filing this petition, however, he was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).[1] Petitioner names FCIO Warden J.P. Young as the defendant herein. In his petition, he alleges violations of his due process and equal protection rights.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir.2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. See *id.*; 28 U.S.C. § 2241(d).

*Statement of the Case*

Pursuant to a plea agreement, petitioner pled guilty to the possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). On October 18, 2002, he was sentenced to 188 months incarceration.

Reed filed a 28 U.S.C. §2255 petition on May 22, 2003.[2] On November 18, 2003, Magistrate Judge James E. Graham recommended that the petition be granted to the extent that petitioner was entitled to file an out of time appeal.[3] This Report and Recommendation was adopted by the District Court on December 15, 2003.[4] An order vacating the criminal judgment and entering an amended judgment re-imposing the same sentence upon petitioner was filed on January 26, 2004.[5] Petitioner filed a notice of appeal on January 29, 2004.[6] The appeal was dismissed on December 21, 2004.[7]

Reed filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 on June 3, 2010. He raises two constitutional grounds in his petition: (1) violation of the Fifth Amendment Due Process Clause; and (2) violation of the Fourteenth Amendment Equal Protection Clause. These claims are based on his allegation that he is not an armed career criminal and he states that he is actually innocent in that regard. Petitioner requests to be re-sentenced at a lower level which establishes a lower guideline range.

---

[2] *Reed v. United States of America,* 5:03-cv-43, United States District Court, Southern District of Georgia (Waycross)(Doc. 1)
[3] *Id.* (Doc. 15)
[4] *Id.* (Doc. 17)
[5] *Id.* (Doc. 18)
[6] *United States of America v. Reed,* 5:02-cr-6, United States District Court, Southern District of Georgia (Waycross)(Doc. 41)
[7] *Id.* (Doc. 53)

*Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. He implies that the sentence imposed by the United States District Court for the Southern District of Georgia (Waycross) is unlawful because he was sentenced as an armed career criminal.

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 903. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the "savings clause." Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

*Conclusion and Recommendation*

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 23rd day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE